UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-12291-RGS

MASSACHUSETTS INSURERS INSOLVENCY FUND

v.

BEACON ROOFING SUPPLY, INC.,
and BEACON SALES ACQUISITION, INC.

MEMORANDUM AND ORDER
ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

May 25, 2016

STEARNS, D.J.

The underlying facts are set out in this court's Memorandum and Order of February 5, 2016.  *See Massachusetts Insurers Insolvency Fund v. Beacon Roofing Supply, Inc.*, 2016 WL 471288 (D. Mass. Feb. 5, 2016).  For present purposes, the salient issue is the court's holding that defendant Beacon Roofing Supply, Inc.  (BRS) is not the alter ego or legal successor to Beacon Sales Co., Inc. a/k/a Beacon Liquidation, Inc. (Beacon II in the court's lexicon).  This is important because Beacon II, and not BRS, is the owner (named insured) of the insurance policies issued by two now-insolvent insurers in whose shoes the Massachusetts Insurers Insolvency Fund (Fund) now stands.  Having failed to recover its costs in defending asbestos claims

under the AMICO policy from BRS on its alter-ego theory, the Fund now seeks, as an equitable matter, to estop BRS from denying that it is either the named insured under the policy or the legal successor 0f Beacon II.[1]  In the alternative, the Fund seeks a declaratory judgment that it has no ongoing duty to defend lawsuits brought against Beacon II.

The gist of the Fund's argument is that at various times lawyers for BRS and its Delaware holding company, Beacon Sales Acquisition, Inc. (BSAI), either expressed the opinion that BRS was Beacon's II's successor (for example, when forwarding asbestos lawsuits that had been mistakenly or deliberately served on BRS), or remained silent when they should have known that the Fund was acting on that assumption.[2]  Assuming this to be true for summary judgment purposes,[3] the law has historically viewed

---

[1] The Fund's equitable estoppel theory is a close relative of the judicial estoppel theory that the court rejected in the first round of summary judgment.  *See* 2016 WL 471288, at *14 n.7.

[2] The Fund also makes much of the fact that at least one plaintiff's lawyer was under the same impression, as evidenced by his naming of BRS in several asbestos lawsuits brought on behalf of clients.  The court is hard-pressed to understand how this lawyer's opinion could have any binding effect on BRS.

[3] BRS acknowledges some confusion on the part of its lawyers with regard to two earlier lawsuits tendered to AMICO for a defense, but insists that it has never told the Fund anything but that Beacon II, and not it, was the proper named insured.  As it notes, the Fund until this litigation was filed appeared to be of the same view, having not invoked its statutory right to disclaim coverage for a "high net worth insured" (which it now claims BRS

estoppels with disfavor. *Barrow v. Dartmouth House Nursing Home, Inc.*, 86 Mass. App. Ct. 128, 133-134 (2014). "A successful assertion of equitable estoppel requires: (1) [a] representation or conduct amounting to a representation intended to induce a course of conduct on the part of the person to whom the representation is made[;] (2) [a]n actual act or omission resulting from the representation, whether actual or by conduct, by the person to whom the representation is made[;] (3) [and] [d]etriment to such person as a consequence of the act or omission." *Boylston Dev. Grp., Inc. v. 22 Boylston St. Corp.*, 412 Mass. 531, 542 (1992) (internal citation omitted). "All of the elements of estoppel must be present and the party asserting the estoppel theory has a heavy burden to prove that all [three] elements are present." *Clickner v. Lowell,* 422 Mass. 539, 544 (1996) (internal citation and quotation marks omitted).

The Fund has failed to meet this burden. At best, the Fund has striven to show that it relied upon an erroneous legal opinion tendered by counsel

---

is) when it assumed AMICO's obligations in May of 2011. *See* Mass. Gen. Laws ch. 175D, §§1(2), 17. Neither the Fund nor the insolvent insurers were obligated to rely on BRS's or BSAI's representations that they were covered by the policy, particularly since the initial burden is on the purported policyholder, rather than the insurer, to establish that a claim is covered. *Mt. Airy Ins. Co. v. Greenbaum*, 127 F.3d 15, 19 (1st Cir. 1997) (applying Massachusetts law).

for BRS and BSAI regarding whether or not the two entities were potentially liable as successors to Beacon II.  The Fund has not, however, identified a material misrepresentation of *fact* upon which it or its predecessors relied, which is essential to establishing the first element of estoppel.  *See Boylston Dev. Grp.,* 412 Mass. at 543 n.17 ("[U]nder a theory of equitable estoppel, there must be reliance on a misrepresentation of past or present facts."); *see also Rodowicz v. Massachusetts Mut. Life Ins. Co.*, 192 F.3d 162, 177 (1st Cir. 1999) ("Under an equitable estoppel theory, plaintiffs must demonstrate that they relied upon a misrepresentation of past or present material facts" rather than "statements of opinion or belief."); Restatement (Second) of Torts § 872 (1979) (a party may be equitably estopped where it has "[made] to another person a definite misrepresentation of fact concerning the ownership of property or its disposition.").  *Compare Goldstein v. Tucker*, 230 Mass. 259, 262 (1918) (erroneous opinions on questions of law do not operate as an estoppel).[4]

---

[4] Moreover, defendants correctly note that it is not at all clear that the Fund has suffered any harm because of the alleged misrepresentations.  As counsel for BRS and BSAI noted in their early dealings with the Fund, Section 7.20 of the Asset Purchase Agreement provided that in the event BSAI was sued "with respect to any matter which may be covered by [Beacon II's] insurance coverage . . . [Beacon II] shall, at [BSAI's] request, file a claim under such policies and use its best efforts to recover under such policies an amount equal to [BSAI's] Losses."  Had the Fund disclaimed a defense of BRS in the initial asbestos lawsuits, BSAI's recourse would have been to

Finally, the Fund's request for a declaratory judgment absolving it of any further obligations to defend Beacon II under the AMICO policy (whether brought against BRS, BSAI, or the proper party, Beacon Liquidation, Inc.) is patently inconsistent with the court's prior holding and for that reason will be denied.

## ORDER

For the foregoing reasons, defendants Beacon Roofing Supply, Inc., and Beacon Sales Acquisition, Inc.'s motion for summary judgment is ALLOWED.  Plaintiff Massachusetts Insurers Insolvency Fund's cross-motion for summary judgment is DENIED.  The Clerk will enter judgment for defendants and close the case.

SO ORDERED.

/s/ Richard G. Stearns

_____

UNITED STATES DISTRICT JUDGE

---

implead Beacon II as the proper defendant, or in the alternative, to have sought contribution from Beacon II, either of which actions would have triggered the Fund's duty to defend.